IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| IPEX, LLC, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 2:08-CV-325 |
| | § | |
| ADOBE SYSTEMS INCORPORATED, | § | **JURY TRIAL DEMANDED** |
| XYTHOS SOFTWARE, INC., | § | |
| ACTIVE INNOVATIONS, INC., | § | |
| OPEN TEXT, INC., DOCSCORP LLC and | § | |
| WEST PUBLISHING CORPORATION, | § | |
| | § | |
| Defendants. | § | |

## PLAINTIFF'S ORIGINAL COMPLAINT

Plaintiff IPEX, LLC files this Original Complaint against Defendants ADOBE SYSTEMS INCORPORATED, XYTHOS SOFTWARE, INC., ACTIVE INNOVATIONS, INC., OPEN TEXT, INC., DOCSCORP LLC and WEST PUBLISHING CORPORATION, alleging as follows:

### I. THE PARTIES

1.　　Plaintiff IPEX, LLC ("IPEX") is a limited liability company organized and existing under the laws of the State of Delaware, with its principal place of business in New York, NY.

2.　　Upon information and belief, ADOBE SYSTEMS INCORPORATED ("ADOBE") is a corporation organized and existing under the laws of the State of Delaware, with its principal place of business located in San Jose, CA. ADOBE may be served with process through its registered agent, Corporation Service Company, 701 Brazos Street, Suite 1050, Austin, TX 78701.

1

3. Upon information and belief, XYTHOS SOFTWARE, INC. ("XYTHOS") is a corporation organized and existing under the laws of the State of Delaware, with a principal place of business located in San Francisco, CA. XYTHOS may be served with process through its registered agent, Dane W. Iverson, 655 Montgomery Street, 16th Floor, San Francisco, CA 94111.

4. Upon information and belief, ACTIVE INNOVATIONS, INC. ("ACTIVE INNOVATIONS") is a corporation organized and exiting under the laws of the State of New York, with a principal place of business located in East Setauket, NY. ACTIVE INNOVATIONS may be served with process through its registered agent, GRMS, Inc., 640 Johnson Avenue, Bohemia, NY 11716.

5. Upon information and belief, OPEN TEXT, INC. ("OPEN TEXT") is a corporation organized and existing under the laws of the State of Illinois, with a principal place of business located in Lincolnshire, IL. OPEN TEXT may be served with process through its registered agent, CT Corporation System, 208 South LaSalle Street, Suite 814, Chicago, IL 60604.

6. Upon information and belief, DOCSCORP LLC ("DOCSCORP") is a limited liability company organized and existing under the laws of the State of Delaware, with a principal place of business located in Wexford, PA. DOCSCORP may be served with process through its registered agent, The Corporation Trust Company, Corporation Trust Center, 1209 Orange Street, Wilmington, DE 19801.

7. Upon information and belief, WEST PUBLISHING CORPORATION ("WEST") is a corporation organized and exiting under the laws of the State of Minnesota, with a principal

place of business in Los Angeles, CA.  WEST may be served with process through its registered agent Corporation Service Company, 701 Brazos Street, Suite 1050, Austin, TX 78701.

## II.  JURISDICTION AND VENUE

8. This is an action for infringement of a United States patent.  This Court has exclusive jurisdiction of such action under Title 28 U.S.C. § 1338(a).

9. Upon information and belief, Defendants have had minimum contacts with the Marshall Division of the Eastern District of Texas such that this venue is a fair and reasonable one.  Defendants have committed such purposeful acts and/or transactions in Texas that it reasonably knew and expected that it could be hailed into a court as a future consequence of such activity.  Upon information and belief, Defendants have transacted and, at the time of the filing of this Complaint, are transacting business within the Marshall Division of the Eastern District of Texas.  For these reasons, personal jurisdiction exists and venue is proper in this Court under 28 U.S.C. §§ 1391(b) and (c) and 28 U.S.C. § 1400(b).

## III.  PATENT INFRINGEMENT

10. On July 12, 2005, United States Patent No. 6,918,082 ("the '082 patent") was duly and legally issued for an "Electronic Document Proofing System."  A true and correct copy of the '082 patent is attached hereto as Exhibit "A" and made a part hereof.

11. IPEX is the owner of the '082 patent with the exclusive right to enforce the '082 patent against infringers, and collect damages for all relevant times, including the right to prosecute this action.

12. Upon information and belief, Defendants manufacture, make, have made, use, practice, import, provide, supply, distribute, sell and/or offer for sale products and/or systems

that infringe one or more claims in the '082 patent; and/or Defendants induce and/or contribute to the infringement of one or more of the claims in the '082 patent by others.

13. Defendant ADOBE's infringement includes its electronic document management system which includes features for proofing electronic documents delivered over a network found in Adobe products including, but not limited to, Adobe Creative Suite 3, Adobe Version Cue CS3, Adobe Bridge, Adobe Acrobat Professional and Acrobat Organizer.

14. Defendant XYTHOS' infringement includes its electronic document management system which includes features for proofing electronic documents delivered over a network found in XYTHOS' products including, but not limited to, its Enterprise Document Manager Suite system and its constituent components.

15. Defendant ACTIVE INNOVATIONS' infringement includes its electronic document management system which includes features for proofing electronic documents delivered over a network found in ACTIVE INNOVATIONS' products including, but not limited to, its infoRouter Content Management Software Platform system and its constituent components.

16. Defendant OPEN TEXT's infringement includes its electronic document management system which includes features for proofing electronic documents delivered over a network found in OPEN TEXT's products including, but not limited to, its Livelink Enterprise Content Management (marketed as Livelink EMC 10) system and its constituent components.

17. Defendant DOCSCORP's infringement includes its document comparison system for proofing electronic documents over a network including, but not limited to, its pdfDocs compareDocs product and its constituent components.

18. Defendant WEST's infringement includes its electronic document management system which includes features for proofing electronic documents delivered over a network found in WEST's products including, but not limited to, its ProLaw Portal system and its constituent components.

19. IPEX has been damaged as a result of Defendants' infringing conduct. Defendants are, thus, liable to IPEX in an amount that adequately compensates it for Defendants' infringement, which, by law, cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

20. Upon information and belief, ADOBE gained knowledge of the '082 patent and of its infringing conduct, and has knowingly and willfully infringed the '082 patent.

21. Upon information and belief, Defendants will continue their infringement of the '082 patent unless enjoined by the Court. Defendants' infringing conduct causes Plaintiff irreparable harm and will continue to cause such harm without the issuance of an injunction.

## IV. JURY DEMAND

IPEX hereby requests a trial by jury pursuant to Rule 38 of the Federal Rules of Civil Procedure.

## V. PRAYER FOR RELIEF

IPEX requests that the Court find in its favor and against Defendants, and that the Court grant IPEX the following relief:

a. Judgment that one or more claims of United States Patent No. 6,918,082 have been infringed, either literally and/or under the doctrine of equivalents, by Defendants and/or by others to whose infringement Defendants have contributed and/or by others whose infringement has been induced by Defendants;

b. Judgment that Defendants account for and pay to IPEX all damages to and costs incurred by IPEX because of Defendants' infringing activities and other conduct complained of herein;

c. That Defendants' infringement be found to be willful from the time Defendants became aware of the infringing nature of its services, which is the time of filing of Plaintiff's Complaint at the latest, and that the Court award treble damages for the period of such willful infringement pursuant to 35 U.S.C. § 284.

d. That IPEX be granted pre-judgment and post-judgment interest on the damages caused to it by reason of Defendants' infringing activities and other conduct complained of herein;

e. That this Court declare this an exceptional case and award IPEX its reasonable attorney's fees and costs in accordance with 35 U.S.C. § 285;

f. That Defendants be permanently enjoined from any further activity or conduct that infringes one or more claims of United States Patent No. 6,918,082; and

g. That IPEX be granted such other and further relief as the Court may deem just and proper under the circumstances.

**Dated: August 25, 2008.**              Respectfully submitted,

_/s/ Eric M. Albritton_
Eric M. Albritton
State Bar No. 00790215
ALBRITTON LAW FIRM
P.O. Box 2649
Longview, TX 75606
(903) 757-8449
(903) 758-7397 (fax)
ema@emafirm.com

T. John Ward, Jr.
State Bar No. 00794818
WARD & SMITH LAW FIRM
111 W. Tyler Street
Longview, Texas 75601
(903) 757-6400
(903) 757-2323 (fax)
jw@jwfirm.com

Jonathan T. Suder  
State Bar No. 19463350  
FRIEDMAN, SUDER & COOKE  
Tindall Square Warehouse No. 1  
604 East 4th Street, Suite 200  
Fort Worth, Texas 76102  
(817) 334-0400  
(817) 334-0401 (fax)  
jts@fsclaw.com  

**ATTORNEYS FOR PLAINTIFF**

OF COUNSEL:

Philip P. Mann  
MANN LAW GROUP  
1420 Fifth Avenue, Suite 2200  
Seattle, Washington 98101  
(206) 224-3553  
(206) 224-2880 (fax)  
phil@mannlawgroup.com

John E. Whitaker  
WHITAKER LAW GROUP  
1420 Fifth Avenue, Suite 2200  
Seattle, Washington 98101  
(206) 319-1575  
(206) 347-1058 (fax)  
john@wlawgrp.com

## **CERTIFICATE OF SERVICE**

    The undersigned certifies that the foregoing document was filed electronically in compliance with Local Rule CV-5(a). As such, this motion was served on all counsel who are deemed to have consented to electronic service. Local Rule CV-5(a)(3)(A). Pursuant to Fed. R. Civ. P. 5(d) and Local Rule CV-5(d) and (e), all other counsel of record not deemed to have consented to electronic service were served with a true and correct copy of the foregoing by email and/or fax, on this the 25th day of August, 2008.

Eric M. Albritton